UNITED STATES DISTRICT COURT
RHODE ISLAND

---

| | |
|---|---|
| MALLORY ALVES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MERCEDES-BENZ USA, and )<br>UAG WEST BAY IM, LLC )<br>)<br>Defendants, )<br>) | CA: NO<br><br><br><br>**JURY TRIAL DEMANDED** |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This matter is a civil action claims redress for personal injuries and other harms and losses suffered by the Plaintiff, Mallory Alves ("Ms. Alves") as a result of the defective deployment of an airbag in Ms. Alves' vehicle, a 2017 Mercedes Benz CLA 250 4matic (the "Vehicle").

## PARTIES

2. Plaintiff Mallory Alves ("Ms. Alves") is a natural person and a citizen of the Commonwealth of Massachusetts.

3. Defendant MERCEDES-BENZ USA ("MBUSA") is a Delaware corporation with its principal business location at 1 Mercedes-Benz Dr., Sandy Springs, Georgia 30328. MBUSA transacts or has transacted business in this district and throughout the United States and is registered to do business as a foreign corporation with the RI Secretary of State having a registered agent at 450 Veterans Memorial Parkway, Suite 7A, CT Corporation System, East Providence, Rhode Island 02914.

4. Defendant MERCEDES-BENZ USA is a subsidiary of its parent company, DAIMLER AG.

5. Defendant UAG West Bay IM, LLC ("UAG") is a foreign corporation that is an automobile dealership in Warwick, RI, which operates under the fictitious trade name of Mercedes Warwick and Mercedes of Warwick.

## JURISDICTION AND VENUE

6. The courts of the State of Rhode Island have jurisdiction over the instant matter.

7. While the Superior Court of Rhode Island has jurisdiction over this case, the United States District Court for the District of Rhode Island is the proper forum selection for this matter because 28 U.S.C. § 1332(a) confers Federal Diversity Jurisdiction over this matter as a) the amount in controversy is greater than $75,000.00, and b) no Plaintiff shares a state of citizenship with any Defendant.

8. This Court has jurisdiction over the Defendants, given that they transact business within the State of Rhode Island and contract to supply goods and services in the State of Rhode Island.

9. Venue is proper before this Court because the transactions and occurrences and the nucleus of operative facts in this case all occurred within the State of Rhode Island.

10. The Court has jurisdiction over this subject matter and is legally competent to hear this case.

## FACTS COMMON TO ALL CLAIMS

11. On or around April 19, 2018, Defendant MBUSA issued a recall on the 2017 Mercedes Benz CLA 250 4matic.

12. Defendant MBUSA's vehicle recall on the 2017 Mercedes Benz CLA 250 4matic specifically included a vehicle bearing a VIN: WDDSJ4GB1HN402487.

13. The recall campaign number was 2018030018.

14. In March 2019, at the direction and payment of MBUSA, UAG allegedly repaired the Steering Column Module ("SCM") of the Vehicle.

15. Upon information and belief, the SCM of the Vehicle was not properly repaired.

16. Upon information and belief, MBUSA did not adequately encompass all items that should have been recalled regarding the 2017 CLA 250 campaign number 2018030018, or in the alternative, did not perform adequate repairs, or in the alternative should have replaced the SCM, which was the subject matter of said recall.

17. One on or after March 2019, Plaintiff Mallory Alves purchased the 2017 Mercedes Benz CLA 250 4matic bearing the VIN# WDDSJ4GB1HN402487 (the "Vehicle").

18. On or about February 26, 2022, while driving said Vehicle with due and proper care, suddenly, without warning, the Vehicle seized, and the airbag deployed.

19. The airbag deployed due to an issue with the Vehicle's SCM.

20. The airbag deployed due to an issue with the Vehicle's SCM that the Defendants claim was repaired in March of 2019.

21. The airbag deployed due to an issue with the Vehicle's SCM that the Defendants claim was repaired in March of 2019 but was never properly repaired.

22. The airbag deployed due to an issue with the Vehicle's SCM that was never adequately repaired in March of 2019.

23. Said improper airbag deployment caused personal injuries and physical and mental harm and anguish to Plaintiff Mallory Alves.

24. Plaintiff brought her vehicle to VITI Mercedes of Tiverton.

25. VITI Mercedes of Tiverton contacted MBUSA as the issues related to the Vehicle were related to the recall.

26. MBUSA has refused to provide Plaintiff with any details regarding the said defect, claiming work product.

27. MBUSA stated they would repair the vehicle at no cost to Plaintiff. However, MBUSA will not disclose any issues to Plaintiff.

28. Beginning on or after April 20, 2022, and continuing until the date of this complaint, MBUSA claimed that the repair to the SCM of the Vehicle subject to the recall mentioned above was adequately performed.

29. Ms. Alves has no way of knowing whether the repair to the SCM of the Vehicle subject to the recall as mentioned earlier was correctly performed other than believing MBUSA's "claims."

30. Beginning on or after April 20, 2022, and continuing until the date of this complaint, MBUSA will not make a representation that the repair to the SCM of the Vehicle subject to the recall mentioned above was performed correctly.

31. Beginning on or after April 20, 2022, and continuing until the date of this complaint, MBUSA will not warrant that the repair to the SCM of the Vehicle subject to the recall as mentioned above was adequately performed.

32. Beginning on or after April 20, 2022, and continuing until the date of this complaint, MBUSA will not make a representation or warranty that the repair to the SCM of the Vehicle subject to the recall as mentioned earlier was performed correctly. Still, MBUSA believes that the Vehicle is safe to drive.

33. Beginning on or after April 20, 2022, and continuing until the date of this complaint, MBUSA will not further engage Plaintiff with an appropriate remedy.

34. Beginning on or after April 20, 2022, and continuing until the date of this complaint, MBUSA will not communicate with Plaintiff.

35. MBUSA arranged for VITI Mercedes of Tiverton to provide Plaintiff with a loaner vehicle free of charge from on or about February 26, 2022, until April 20, 2022.

36. On or about April 20, 2022, VITI Mercedes of Tiverton demanded the return of the loaner vehicle.

37. On or about April 20, 2022, MBUSA completed its investigation into the February 26, 2022 airbag deployment (the "MBUSA Investigation").

38. Due to the MBUSA Investigation, MBUSA offered to repair the vehicle free of charge.

39. Beginning on or after April 20, 2022, and continuing until the date of this complaint, MBUSA has refused to disclose any information about what had occurred with the Vehicle.

40. Beginning on or after April 20, 2022, and continuing until the date of this complaint, MBUSA has refused to disclose any information about what had occurred with the Vehicle, saying it was proprietary.

41. Because beginning on or after April 20, 2022, MBUSA refused to disclose any information about what had occurred with the Vehicle, Ms. Alves has no way of knowing if the Vehicle has been adequately repaired.

42. Because beginning on or after April 20, 2022, MBUSA refused to disclose any information about what had occurred with the Vehicle, Ms. Alves has no way of knowing whether the Vehicle remains a defective "death trap."

43. Because beginning on or after April 20, 2022, MBUSA refused to disclose any information about what had occurred with the Vehicle, Ms. Alves was placed in fear that there was a high likelihood that she could be killed or seriously injured while driving in the Vehicle because she had no way of knowing whether the dangerous condition of the Vehicle had been repaired.

44. Because beginning on or after April 20, 2022, MBUSA refused to disclose any information about what had occurred with the Vehicle, and Ms. Alves had no way of knowing whether the dangerous condition of the Vehicle had been repaired, no reasonably prudent person would have driven the Vehicle on or after February 26, 2022.

45. Beginning on or about April 20, 2022, MBUSA refused to communicate with Plaintiff what the defective condition of the Vehicle was.

46. Beginning on or about April 20, 2022, MBUSA refused to reimburse VITI Mercedes of Tiverton for providing Ms. Alves with a Mercedes Benz loaner vehicle.

47. On or about April 20, 2022, Ms. Alves returned a Mercedes Benz loaner vehicle to VITI Mercedes of Tiverton.

48. Beginning on or after April 20, 2022, and continuing until the date of this complaint, MBUSA refused to purchase the Vehicle back for fair market value.

49. After April 20, 2022, and continuing until the date of this complaint, Plaintiff was compelled to rent a rental vehicle.

50. After April 20, 2022, and continuing until the date of this complaint, Plaintiff rented a rental vehicle of the same or substantially similar status and quality ass the 2017 Mercedes Benz CLA 250 4matic.

51. After April 20, 2022, and continuing until the date of this complaint, Plaintiff engaged vehicle rental companies, including Enterprise and Turo, to rent a rental vehicle of the same or substantially similar status and quality ass the 2017 Mercedes Benz CLA 250 4matic.

52. After April 20, 2022, and continuing until the date of this complaint, Plaintiff paid substantial sums of money to vehicle rental companies, including Enterprise and Turo, to rent a rental vehicle of the same or substantially similar status and quality ass the 2017 Mercedes Benz CLA 250 4matic.

53. A reasonable approximation of Plaintiff's car rental expenditures after April 20, 2022, and continuing until the date of this complaint is a total of $11,400.00.

54. A reasonable approximation of Plaintiff's car rental expenditures after April 20, 2022, and continuing until the date of this complaint is a daily cost of $100.00.

55. The daily car rental cost of $100.00 per day is expected to continue each day unless and until this matter is resolved.

56. Defendants' liability is clear under the legal doctrine of *res ipsa loquitor*.

57. Airbag devices in the 2017 Mercedes Benz CLA 250 4matic only properly deploy when there is a vehicular impact.

58. Airbag devices in the 2017 Mercedes Benz CLA 250 4matic properly deploy when there is no vehicular impact.

59. Airbag devices in the 2017 Mercedes Benz CLA 250 4matic may improperly deploy.

60. Airbag devices in the 2017 Mercedes Benz CLA 250 4matic may improperly deploy when there is no vehicular impact.

61. A working Steering Column Module ("SCM") in the 2017 Mercedes Benz CLA 250 4matic will not cause an airbag to be improperly deployed.

62. A non-working SCM in the 2017 Mercedes Benz CLA 250 4matic may cause an airbag to be improperly deployed.

63. A defective SCM in the 2017 Mercedes Benz CLA 250 4matic may cause an airbag to be improperly deployed.

64. Fool me once; shame on you. Fool me twice; shame on me.

## COUNT I
## BREACH OF WARRANTY & VIOLATION OF 43 FR 26218

65. By this reference, the plaintiff incorporates each and every allegation set forth in the paragraphs stated of this complaint (inclusive) as though fully set forth herein and further states as follows.

66. The Vehicle's SCM was defective.

67. The SCM was recalled.

68. Defendants failed to adequately remedy said recall.

69. The above facts constitute an action for breach of warranty.

Wherefore, Mallory Alves respectfully requests that judgment enters against Defendants in its favor awarding her reasonable attorney's fees and costs incurred in connection with this particular litigation and any other relief this court deems appropriate and just.

## COUNT II
## FRAUD

70. By this reference, the plaintiff incorporates each and every allegation set forth in the paragraphs stated of this complaint (inclusive) as though fully set forth herein and further states as follows.

71. The above facts constitute an action for Fraud.

72. **Defendants made** a representation of the material fact that defects to the Vehicle occasioned by the afore-mentioned recall had correctly been remedied in March of 2019.

73. Defendants' representation was false.

74. Defendants knew or had reason to know that the defects to the Vehicle occasioned by the afore-mentioned recall had not been adequately remedied in March of 2019.

75. Plaintiff justifiably relied on the representation that the defects to the Vehicle occasioned by the afore-mentioned recall had correctly been remedied in March of 2019.

76. As a result of the Defendants' statements, actions, and/or omissions, Plaintiff has suffered severe harms, including but not limited to personal injuries, economic injuries, and/or other injuries to the person and/or the property of the Plaintiff.

Wherefore, Mallory Alves respectfully requests that judgment enters against all Defendants in its favor awarding her reasonable attorney's fees and costs incurred in connection with this particular litigation and any other relief this court deems appropriate and just.

## COUNT III
## DECEPTIVE TRADE PRACTICE

77. By this reference, the plaintiff incorporates each and every allegation set forth in the paragraphs stated of this complaint (inclusive) as though fully set forth herein and further states as follows.

78. The above facts constitute an action for Deceptive trade practice.

79. Defendants have made false statements in communications to Plaintiff related to the Vehicle, and/or false statements in advertising and other misrepresentations related to the 2017 Mercedes Benz CLA 250 4matic.

80. The advertising and other statements made by the Defendants tend to mislead.

81. The advertising and other statements made by the Defendants tend to mislead and are illegal.

82. Defendants have made false statements in advertisements and elsewhere about the quality, components, or effectiveness of the 2017 Mercedes Benz CLA 250 4matic.

83. Defendants have made false statements in advertisements and elsewhere about the quality, components, or effectiveness of the 2017 Mercedes Benz CLA 250 4matic related to the afore-mentioned recall.

84. Defendants have made false statements in advertisements and elsewhere about the quality, components, or effectiveness of the 2017 Mercedes Benz CLA 250 4matic related to the Vehicle's SCM.

85. Defendants have made deceptive statements of guarantees in advertisements and elsewhere about the quality, components, or effectiveness of the 2017 Mercedes Benz CLA 250 4matic related to the afore-mentioned recall.

86. Defendants have made deceptive statements of guarantees in advertisements and elsewhere about the quality, components, or effectiveness of the 2017 Mercedes Benz CLA 250 4matic related to the Vehicle's SCM.

Wherefore, Mallory Alves respectfully requests that judgment enters against all Defendants in its favor awarding her reasonable attorney's fees and costs incurred in connection with this particular litigation and any other relief this court deems appropriate and just.

## COUNT IV
## CONSPIRACY

87. By this reference, the plaintiff incorporates each and every allegation set forth in the paragraphs stated of this complaint (inclusive) as though fully set forth herein and further states as follows.

88. The above facts constitute a cause of action for Conspiracy.

89. The Defendants intentionally participated in furthering a plan or purpose to engage in tortious and/or fraudulent conduct as detailed in this Complaint.

90. The Defendants agreed to further a plan or purpose as described herein.

91. The Defendants had an agreement between themselves and other as of yet unknown parties to further a plan or purpose to engage in tortious and/or fraudulent conduct.

92. The Defendants have each done numerous overt acts in furtherance of the agreement.

93. The Defendants intentionally participated in furthering a plan or purpose to engage in tortious and/or fraudulent conduct.

94. Defendants' plan or purpose to engage in tortious and/or fraudulent conduct resulted in damage and/or injury to the Plaintiff.

Wherefore, Mallory Alves respectfully requests that judgment enters against all Defendants in its favor awarding her reasonable attorney's fees and costs incurred in connection with this particular litigation and any other relief this court deems appropriate and just.

## COUNT VI
## NEGLIGENCE

95. By this reference, the plaintiff incorporates each and every allegation set forth in the paragraphs stated of this complaint (inclusive) as though fully set forth herein and further states as follows.

96. The above facts constitute a cause of action for Negligence.

97. Defendant owed a duty to Plaintiff to protect Plaintiff from particular injury or damage related to the Vehicle.

98. Defendants breached this duty

99. Defendants' breach was the proximate cause of injury or damage to the Plaintiff.

100. Plaintiff suffered damages caused by the Defendants' breach.

Wherefore, Mallory Alves respectfully requests that judgment enters against all Defendants in its favor awarding her reasonable attorney's fees and costs incurred in connection with this particular litigation and any other relief this court deems appropriate and just.

## COUNT VII
## DECLARATORY JUDGMENT

101.   By this reference, the plaintiff incorporates each and every allegation set forth in the paragraphs stated of this complaint (inclusive) as though fully set forth herein and further states as follows.

102.   Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

103.   Plaintiff demands the Court declare the Warranty between Mallory Alves and MBUSA in full force and effect.

Wherefore Plaintiff Demands that this Honorable Court declare the terms of the warranty as between Mallory Alves and Mercedes Benz USA in full force and effect, and such other and further relief appurtenant thereto as the Court shall deem just and/or equitable, and enter Order in accordance with said terms, in addition to awarding costs and Attorney fees.

## JURY TRIAL DEMAND

Plaintiff Demands Trial by Jury on all issues so triable.

Plaintiff Mallory Alves
by her Attorney

/s/**Lawrence P. Almagno Jr.**
Lawrence P. Almagno Jr.
ALMAGNO LAW, INC.
10 Rangeley Road
Cranston RI 02920
 T | 401-946-4529
 F | 401-464-4529
LA@Almagno-law.com